DECISION
Plaintiff appeals Defendant's Error or Omission Correction Notice, dated January 15, 2009, for account 05002897.
 I. STATEMENT OF FACTS
At the case management conference held August 19, 2009, Plaintiff stated that she accepts Defendant's determination of value for the improvements which were erroneously omitted. Plaintiff requested "that the court waive the additional tax from 2003-2008 tax years and allow me to begin paying on the new [doubled] valuation beginning with the 2009-2010 tax year." (Ptf's Ltr, Apr 25, 2009.)
In her letter, Plaintiff stated that she is "a self-employed, single woman and I feel that it is unreasonable for me in these challenging financial times to have to pay additional back taxes associated with this error made by the Clackamas County Tax Assessor." *Page 2 
 II. ANALYSIS
The matter before the court is the intention of Defendant to add omitted property to the tax rolls. ORS 311.216(1)[1] provides that:
 "[w]henever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."
ORS 311.223(1) states that "[t]he assessor shall add the property thereto, with the proper valuation, and extend thereon taxes at the consolidated rate under ORS 310.147 that is applicable in the code area in which the property was located for each year as to which it was omitted."
Plaintiff requests that the court "waive the additional tax from 2003-2008 tax years." (Ptf's Ltr, Apr 25 2009.) There is no statutory provision which allows the court to waive the assessment placed on the tax roll in accordance with ORS 311.219. *Page 3 
 III. CONCLUSION
The court does not have the statutory authority to grant the waiver requested by Plaintiff. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onSeptember 17, 2009. The Court filed and entered this document onSeptember 17, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.